SACO WATER POWER COMPANY *vs.* INHABITANTS OF BUXTON.

York. Opinion December 16, 1903.

*Taxes*, Assessment of mill privilege. Appeal for overvaluation. *Evidence*,
Record not to be contradicted. *R. S. (1883), c. 6, § 168.*
*Stat. 1895, c. 122.*

In an appeal from an assessment of taxes, brought under the provisions of chapter 122 of the Public Laws of 1895, it appeared that the assessment complained of described the property assessed as "the mill privilege at Salmon Falls." The property consisted of land on the shore of a stream, and an unused dam across the stream. *Held;*

1. That by the terms of the assessment neither the water, nor the power created by the dam was assessed.

2. That so far as the value of the land was enhanced by the existence of the water and the means of creating the power, it was properly to be considered in the valuation of the land.

3. That upon the evidence submitted, the court cannot say that the valuation of the mill privilege by the assessors was excessive.

4. Testimony of assessors is not admissible to contradict their records.

On report. Appeal denied.

Petition for abatement of taxes, assessed in 1902, brought under the provisions of the Stat. 1895, c. 122, R. S. 1883, c. 6, § 122, authorizing appeals to the Supreme Judicial Court.

The case is stated in the opinion.

*H. Fairfield and L. R. Moore,* for plaintiff.

This was an erroneous valuation for the purpose of taxation. The water and power were not taxable. This is not a new question. It was settled in *Union W. P. Co. v. Auburn,* 90 Maine, 60. There the court says, "Water power until applied to mills is potential, not actual, in the sense that it is property subject to taxation. When applied to the mills it becomes a part of the property, thereby giving them value, the proper subject of taxation. It then becomes the

main element of value, not as water, not as power, but as an integral part of the mills themselves.

Water as an element is not property any more than air.  When used, its potential power becomes actual by operating upon real property, i. e. the mill, and thereby giving it value, and that value is the basis for the purposes of taxation."

Nothing but the land and one-half the dam should have been taxed.

*Enoch Foster and O. H. Hersey,* for defendant.

We ask the careful attention of the court to the case of *Lowell* v. *Co. Com.,* 152 Mass. 382, 383, wherein the statute of Massachusetts passed in 1861, are referred to, and that this statute of Massachusetts divides up the different kinds of property under mill and water power, when it comes to the subject of taxation.   But the court will notice at the bottom of page 382, that it is there stated there is no law, "that the water power which is parcel of or is appurtenant to land, and is used in connection therewith, shall not be valued and taxed with the land."

The court in that case refers to the case of *Boston Mfg. Co.* v. *Newton,* 22 Pick. 22 and *Lowell* v. *Co. Com.,* 6 Allen, 131, and several other decisions decided before the statute of 1861 and wherein it was held simply that water power could not be taxed independently of the land, and in no decision is it held that it cannot be taxed when it is an incident to the land as in the present case, either before the statutes of 1861 in Massachusetts or subsequent thereto.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

SAVAGE, J.   This is an appeal from the assessment of taxes on the property of the Saco Water Power Company in Buxton, and is brought under the provisions of chapter 122 of the Public Laws of 1895.   The assessment complained of was made in 1902 and describes the property assessed as the "mill privilege at Salmon Falls." The property consisted of about an acre of land by a river, and a dam.   The dam created a head of water, but there was no mill there,

and the power was not used. The appellant contends that the valuation made by the assessors improperly included elements not assessable, as for instance the water in the stream, or the water power created by the dam; and further that the valuation was excessive from any legal standpoint. The contention is that the assessors could only assess the land for what it was worth as land, independent of its being a parcel of a mill privilege, and the dam for what it was worth as a structure. We are unable to concur in this view.

The property assessed here was a "mill privilege." It was the land and the dam, but it was the land and the dam situated as they were, with the capacity to hold the water of the stream and create power. By the terms of the assessment, the power was not assessed, and the water was not assessed. The "privilege" was assessed. Its value might be greatly enhanced by the existence of the water, and the means of creating the power.

The appellant relies upon *Union Water Power Co.* v. *Auburn*, 90 Maine, 60, 60 Am. St. Rep. 240, 37 L. R. A. 651. But that case is clearly distinguishable from the case at bar. There the assessors assessed "dam and water rights." The "water rights" were a distinctive element of assessment. They were assessed for what they were supposed to be worth as property, and not regarded as merely a condition which gave the dam an enhanced value. And the court in considering the assessment, treated it as an assessment of "water power" as such, and so held that it was illegal. Here the "mill privilege" only was assessed, and by no fair construction can it be regarded as an assessment of water power as property. Besides, here the water power was not appurtenant to mills in other towns, as was held to be the case in *Union Water Power Co.* v. *Auburn*, supra, but it is incident to land and a dam where there are no mills.

Suppose there were no dam. Could it be successfully contended that the land was to be assessed only for its value as land for farming, or for any other use to which it might be put disconnected from the stream? Is land upon which there is a valuable unimproved water privilege, where no power is being developed, to be assessed only for the value of the land without the privilege? May it not be the chief value of the land that it had a privilege upon it? And

does the fact that an unused dam has been built upon the privilege make it any other than an unused privilege, and assessable for its value as à privilege? We think not. We think that in so far as this land was made more valuable by the stream and fall, so far these were properly to be considered in the valuation of the land.

But it is also contended that the testimony of the assessors in this case shows that as matter of fact they did include water power as an assessable element of property, in fixing the amount of its value, however they may have expressed themselves in their record, that is, that the amount was swollen by a consideration of water power as property. It is true that some answers given by the assessors might lead to that conclusion, but upon a careful examination of the whole record, we think it is evident that they assessed the "privilege" consisting of land and dam, and estimated that its value was increased by the existence of the stream and water fall, and that the property was not otherwise assessed. Besides the testimony of the assessors cannot be permitted to contradict their record.

Upon the evidence submitted we cannot say that the valuation of the mill privilege was excessive.

*Appeal denied. Assessment affirmed.*